# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Plaintiff, )<br>　　vs. 　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>RICKON WADE, 　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Defendant. 　　　　 )<br>　　　　　　　　　　　　　　　　 ) | Case No.: 2:21-cr-00001-GMN-BNW<br><br>**ORDER** |

Pending before the Court is the Second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Second § 2255 Mot."), (ECF No. 162), filed by Petitioner Rickon Wade ("Petitioner").

For the reasons discussed below, the Court **DISMISSES** Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

The Court incorporates the background and procedural history of this case from its Order denying Petitioner's First Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("First § 2255 Mot."). (Order 2:1–18, ECF No. 161). Petitioner filed the instant Second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 after the Court's denial of his First Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 135). For the reasons set forth below, the Court determines it lacks jurisdiction over Petitioner's § 2255 Motion and refers the matter to the Ninth Circuit Court of Appeals.

"A petitioner is generally limited to one motion under § 2255, and may not bring a bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) states that:

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain—(1) newly

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

But not all second motions brought under § 2255 are "second or successive." *Magwood v. Peterson*, 561 U.S. 320, 344 (2010). Instead, the phrase is a "habeas 'term of art.'" *Id.*; *see also Jones v. United States*, 36 F.4th 974, 980 (9th Cir. 2022).

First, to be second or successive, a petition must challenge the same judgment as the earlier petition. *Magwood*, 561 U.S. at 341–42. Here, Petitioner has challenged the same judgment in his first and second petitions. (*Compare* Second § 2255 Mot. *with* First § 2255 Mot.)

Next, in the Ninth Circuit, "[g]enerally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001); *see also United States v. Lopez*, 577 F.3d 1053, 1068 (9th Cir. 2009); *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In contrast, "second-in-time petitions based on events that do not occur until a first petition is concluded" are not second or successive. *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011); *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022). And a second-in-time petition is not "second or successive" if filed when the issue raised in the second petition would have been premature if raised in the first petition. *See Stewart v. Martinez-Villareal*, 523 US 637, 644 (1998).

Here, there is no doubt that Petitioner's Second § 2255 Motion raises issues that were ripe at the time that he filed his First § 2255 Motion. Indeed, Petitioner's Second § 2255 reiterates the exact arguments and points of authority raised in his First § 2255 Motion. (*Compare* Second § 2255 Mot. *with* First § 2255 Mot.). Thus, the factual predicate for each of these claims clearly existed when Petitioner's First § 2255 Motion was filed. Therefore,

Petitioner's claims "could have been adjudicated on their merits in an earlier petition," making the Second § 2255 second or successive. *Cooper*, 274 F.3d at 1274.

### IV. CONCLUSION

Ninth Circuit Rule 22-3(a) provides that if "a second or successive" petition or motion, or "an application for authorization to file [such a petition or] motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Having found Petitioner's Second § 2255 Motion to be second or successive, **IT IS HEREBY ORDERED** that Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence under § 2255, (ECF No. 162), is **DISMISSED** and the Clerk of Court is directed to refer the matter to the Ninth Circuit pursuant to Rule 22-3(a).

**DATED** this __7___ day of July, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court